### STATE of Missouri,
### Plaintiff–Respondent,

v.

### Curtis STEVENS, Defendant–Appellant.

### No. 53853.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Michael Naccarato, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Defendant, Curtis Stevens, appeals from his conviction, after a jury trial, of attempted second degree burglary. He was sentenced to seven years' imprisonment. We affirm.

The evidence, viewed in the light most favorable to the verdict, showed that, as two police detectives were driving down a street, they observed defendant and another man in the doorway of a tavern. It was a Sunday evening and the tavern was closed for business. Defendant was in a crouched position, using an object to pry at the corner of the door. The detectives stopped their vehicle. As defendant stood up, he dropped a screwdriver. The screwdriver was discovered by defendant's foot.

Defendant's sole point on appeal is that the trial court erred by admitting into evidence photographs which depicted marks around the lock on the door because there was no evidence linking those marks either with the crime or with defendant. On cross-examination, one of the detectives testified that he did not see defendant pry around the lock with the screwdriver.

A photograph is admissible in a criminal case if it corroborates the testimony of a witness, connects the accused with the offense, provides the identity of a victim, or tends to prove any material elements in the case. *State v. Davis,* 653 S.W.2d 167, 175 (Mo. banc 1983). The trial court has broad discretion whether to admit such a photo-

graph, and its decision will not be declared erroneous absent abuse of that discretion. *Id.*

Here, the issue was how movant attempted to gain entry into the tavern. The detective observed defendant prying on the corner of the door. A screwdriver was found by defendant's foot. The corner of the wooden section of the door was pulled away from the door's metal frame. The pictures of the marks around the door's lock was evidence from which the jury could have concluded that defendant had pried at the door with a screwdriver for the purpose of gaining entry into the tavern. The photographs therefore tended to prove an element of the crime. *See* Sections 564.-011 and 569.170, RSMo (1986).

In addition, the photographs were admitted into evidence for the purpose of establishing how the door looked when defendant was found in the doorway. The detective was cautioned to refrain from characterizing the marks as "pry" marks during his testimony. The trial court did not abuse its discretion in admitting the photographs. Defendant's point of error is denied.

The judgment of the trial court is affirmed.

All concur.